IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>          Plaintiff, | § § § § § § | |
| VS. | § § § | CIVIL ACTION NO. |
| ADVANCED DIAGNOSTICS MANAGEMENT, L.L.P.; ADVANCED DIAGNOSTICS HEALTHCARE; CHOPRA IMAGING, L.L.C.; X-RAY X-PRESS, CORP.; ADVANCED GERIATRICS; OPEN MRI OF HOUSTON, L.C.; ADVANCED MEDICAL GROUP; AND CHOPRA & ASSOCIATES, P.A.; XRXP-GP, LLC; XRXP STAFFING, L.P.; XRXP DIAGNOSTICS; XRXP MANAGEMENT, Ltd.; CHOPRA IMAGING CENTERS, and CHOPRA IMAGING CENTERS, INC.,<br>          Defendants. | § § § § § § § § § § § § § § § | COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1.    This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to afford appropriate relief to Mary Garcia.  The Defendant unlawfully forced her to take leave and then discharged her on May 8, 2007 because she was pregnant.

## JURISDICTION AND VENUE

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of

the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq. ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

3. Venue is proper within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

4. The employment practices alleged to be unlawful were committed in Houston, Texas which is within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

## PARTIES

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Section 706(f)(1) of Title VII, 42 U.S.C. Section 2000e-5(f)(1).

6. At all relevant times, Defendants, Advanced Diagnostics Management, L.L.P.; Advanced Diagnostics Healthcare; Chopra Imaging, L.L.C.; X-Ray X-Press, Corp.; Advanced Geriatrics; Open MRI of Houston, L.C.; Advanced Medical Group; and Chopra & Associates, P.A.; XRXP-GP, LLC; XRXP Staffing, L.P.; XRXP Diagnostics; XRXP Management, Ltd.; Chopra Imaging Centers; and Chopra Imaging Centers, Inc. ("Defendants" or collectively "Defendant"), have continuously been doing business in the State of Texas, the City of Houston and Harris County, Texas, and have continuously had at least fifteen (15) employees.

7. At all relevant times, collectively and individually Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701 (b), (g) and (h) of Title VII, 42 U.S.C. Section 2000e-(b), (g) and (h). Collectively, Defendants have operated as an integrated enterprise.

8.      Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below, and tried to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Section 2000e-5(b).

## STATEMENT OF CLAIMS

9.      More than thirty days prior to the institution of this lawsuit, Mary Garcia filed a charge with the Commission alleging violations of Title VII by Defendant and all conditions precedent to the institution of this lawsuit have been fulfilled.

10.     Since at least January 1, 2007, Defendant has engaged in unlawful employment practices at its Houston, Texas facility, in violation of Sections 703(a)(1) and 701(k) of Title VII, 42 U.S.C. Sections 2000e-2(a)(1) and 20000e(k). The discriminatory practices include discharging Mary Garcia from her job on or about May 8, 2007 because of her sex, pregnancy.

11.     The effect of these unlawful practices has been to deprive Mary Garcia of equal employment opportunities, and to otherwise adversely affect her status as an employee because of her sex, pregnancy.

12.     The unlawful employment practices complained of above were intentional.

13.     Defendant, at all relevant times, has been acting with malice or reckless indifference to the federally protected rights of Mary Garcia in violation of Section 102 of the Civil Rights Act of 1991, 42 U.S.C. Section 1981a.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendant its officers, successors, assigns and all persons in active concert or participation with it, from engaging in discrimination against

pregnant females, and from engaging in any other employment practice which discriminates against individuals on the basis of sex.

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for pregnant employees and applicants, and which eradicate the effects of its past and present unlawful employment practices.

C. Grant a judgment requiring Defendant to make whole Mary Garcia by providing appropriate back wages, pre-judgment interest, and post-judgment interest, in an amount to be determined at trial, as well as any other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, including, but not limited to, reinstatement of employment of Mary Garcia, or order an award of front pay in an amount to be proved at trial where reinstatement is impractical.

D. Order Defendant to make whole Mary Garcia, by providing compensation for past and future pecuniary loses, including medical expenses and job search expenses, in an amount to be determined at trial.

E. Order Defendant to make whole Mary Garcia, by providing compensation for non-pecuniary losses, including emotional pain and suffering, in amounts to be determined at trial.

F. Order Defendant to pay Mary Garcia punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel
131 M Street, N.E.
Washington, D.C. 20507

JAMES SACHER
Regional Attorney


*/s/ Rudy L. Sustaita*
RUDY L. SUSTAITA
Attorney-in-Charge
Texas Bar No. 19523560
Federal ID No. 11850
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
Houston District Office
1919 Smith Street, 7th Floor
Houston, Texas 77002
Telephone: (713) 209-3400

OF COUNSEL:

Jim Sacher
Regional Attorney
Equal Employment Opportunity Commission
1919 Smith Street, 7th Floor
Houston, Texas 77002